AF Approval _____        Chief's Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:16-cr-127-T-36TGW

NATHAN A. MADSEN

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and

the defendant, Nathan A. Madsen, and the attorney for the defendant,

Michael Maddux, Esquire, mutually agree as follows:

### A.   **Particularized Terms**

   1.   Counts Pleading To

   The defendant shall enter a plea of guilty to Counts One and Two of

the Superseding Information.  Count One charges the defendant with enticement

of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

   Count Two charges the defendant with possession of child

pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

   2.   Minimum and Maximum Penalties

   Count One is punishable by a mandatory minimum term of

imprisonment of 10 years up to life, a fine of $250,000.00, a term of supervised

Defendant's Initials _____

#6

release of at least 5 years to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Count Two carries a maximum sentence of up to 10 years' imprisonment, a fine of $250,000.00, a term of supervised release of at least 5 years to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Defendant's Initials ⫫⩘

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:      The Defendant knowingly persuaded, induced, enticed, or coerced the victim to engage in sexual activity, as charged;

Second:   The Defendant used the Internet, via a cellular telephone and computer to do so;

Third:      When the Defendant did these acts, the victim was less than 18 years old; and

Defendant's Initials 

3

Fourth:    One or more of the individual(s) engaging in the sexual
activity can be charged with a criminal offense, that is,
Production of Child Pornography, under federal law.

The elements to Count Two are:

First:    The Defendant knowingly possessed one or more matters
which contained any visual depiction of a minor engaged in
sexually explicit conduct;

Second:    That such visual depiction had been mailed, shipped, or
transported in interstate or foreign commerce, by any means,
including by computer;

Third:    That the production of such visual depiction involved the use
of a minor engaging in sexually explicit conduct and the
visual depiction was of such conduct; and

Fourth:    The Defendant knew that the visual depiction involved the
use of a minor engaging in sexually explicit conduct.

4.    Superseding Indictment Waiver

Defendant will waive the right to be charged by way of superseding

indictment before a federal grand jury.

5.    Counts Dismissed

At the time of sentencing, the original indictment, charging the

defendant with attempted sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1)

and 1594(a) (Doc. 23), the United States will move to dismiss the indictment

pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _JM_          4

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge defendant

with committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

7.    <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make full

restitution to Z.J.

8.    <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution

to known victims of the offense for the full amount of the victims' losses as

determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the

defendant agrees not to oppose bifurcation of the sentencing hearing if the

victims' losses are not ascertainable prior to sentencing.

9.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted, the

United States will not oppose the defendant's request to the Court that the

defendant receive a two-level downward adjustment for acceptance of

Defendant's Initials                 5

responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and

Defendant's Initials ⧸⧹⧸⧹   6

complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials ____

11.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _____                    8

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea

Defendant's Initials _____

agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials                 10

pursuant to 18 U.S.C. § 2428(b), whether in the possession or control of the United

States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to,

the following:

1. Samsung Galaxy cellular telephone, Model SM-G530T1, IEMI: 359130/06/130620/7;

2. 2010 Kia Soul, VIN number KNDJT2A23A7702670;

3. Samsung Galaxy Core Prime cellular telephone, Model SM-S820LC(GP), IMEI 990005774434717;

4. LG cellular telephone, Model: LGL34C, serial no. 407CYKJ0795789;

5. One Lexar SD card;

6. One San Disk SD card;

7. HP Pavilian Desk top tower, p6821 pb, serial no. 3CR1210HXR;

8. Samsung Tablet, Model: SM-T330NU, serial no. R52G31VFT4A; and

9. CDR discs,

which assets were used or intended to be used to commit or promote the

commission of such offense charged in Count One.

The defendant agrees and consents to the forfeiture of these assets

pursuant to any federal criminal, civil judicial or administrative forfeiture action.

The defendant also agrees to waive all constitutional, statutory and procedural

Defendant's Initials                     11

challenges (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds,

including that the forfeiture described herein constitutes an excessive fine, was not

properly noticed in the charging instrument, addressed by the Court at the time of

the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the

Factual Basis below provides a sufficient factual and statutory basis for the

forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4),

the defendant agrees that the preliminary order of forfeiture will satisfy the notice

requirement and will be final as to the defendant at the time it is entered.  In the

event the forfeiture is omitted from the judgment, the defendant agrees that the

forfeiture order may be incorporated into the written judgment at any time

pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and

locate all property subject to forfeiture and to transfer custody of such property to

the United States before the defendant's sentencing.  The defendant agrees to be

interviewed by the government, prior to and after sentencing, regarding such

assets and their connection to criminal conduct.  The defendant further agrees to

be polygraphed on the issue of assets, if it is deemed necessary by the United

States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and

Defendant's Initials           12

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed

Defendant's Initials                     13

beyond the jurisdiction of the Court; has been substantially diminished in value;
or has been commingled with other property which cannot be divided without
difficulty; then the United States shall, at its option, be entitled to forfeiture of any
other property (substitute assets) of the defendant up to the value of any property
described above. The Defendant expressly consents to the forfeiture of any
substitute assets sought by the Government. The defendant agrees that forfeiture
of substitute assets as authorized herein shall not be deemed an alteration of the
defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction
of any fine, restitution, cost of imprisonment, or any other penalty the Court may
impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the
defendant has breached this section of the Plea Agreement, the defendant may be
found ineligible for a reduction in the Guidelines calculation for acceptance of
responsibility and substantial assistance, and may be eligible for an obstruction of
justice enhancement.

The defendant agrees that the forfeiture provisions of this plea
agreement are intended to, and will, survive the defendant, notwithstanding the
abatement of any underlying criminal conviction after the execution of this
agreement. The forfeitability of any particular property pursuant to this

Defendant's Initials                     14

agreement shall be determined as if the defendant had survived, and that

determination shall be binding upon defendant's heirs, successors and assigns

until the agreed forfeiture, including any agreed money judgment amount, is

collected in full.

14.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex

Offender Registration and Notification Act, a federal law, the defendant must

register and keep the registration current in each of the following jurisdictions: the

location of the defendant's residence, the location of the defendant's employment;

and, if the defendant is a student, the location of the defendant's school.

Registration will require that the defendant provide information that includes

name, residence address, and the names and addresses of any places at which the

defendant is or will be an employee or a student.  The defendant understands that

he must update his registrations not later than three business days after any

change of name, residence, employment, or student status.  The defendant

understands that failure to comply with these obligations subjects the defendant to

prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is

punishable by a fine or imprisonment, or both.

Defendant's Initials

**B.     Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to

or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to

any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to

make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663,

including restitution as to all counts charged, whether or not the defendant enters

a plea of guilty to such counts, and whether or not such counts are dismissed

pursuant to this agreement. The defendant further understands that compliance

with any restitution payment plan imposed by the Court in no way precludes the

United States from simultaneously pursuing other statutory remedies for

collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to,

garnishment and execution, pursuant to the Mandatory Victims Restitution Act,

in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall

impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this

obligation is satisfied, the Defendant agrees to deliver a check or money order to

the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District

Court" within ten days of the change of plea hearing.

Defendant's Initials                     16

The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements

Defendant's Initials                 17

or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any

Defendant's Initials ____        18

recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that

Defendant's Initials _____

19

the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring

Defendant's Initials           20

defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses

Defendant's Initials           21

against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

On or about March 3, 3016, Homeland Security Investigations (HSI) special agents conducted an undercover operation in Tampa, Florida, targeting

Defendant's Initials _____   22

individuals seeking to pay for sexual intercourse with a 14-year-old female. The defendant, Nathan A. Madsen, responded to the advertisement that HSI agents had posted on Backpage.com and, unbeknownst to him, communicated with a special agent via his cellular telephone. An HSI agent advised that he had an 18-year-old girl and a 14-year-old girl available for sex. The defendant stated that he was interested in "the younger of the two" girls but that he wanted a picture and that he wanted to "voice verify" the 14-year-old. The HSI agent sent the defendant a picture of a young female and set up a recorded phone call between a female HSI agent and the defendant.

After speaking with a female HSI agent, the defendant confirmed that he wanted to have sex with the 14-year-old girl and agreed to pay $140.00 for half an hour with her. The defendant arrived at the designated location with three condoms, paid the undercover ("UC") agent $140.00 and was subsequently arrested.

Post-Miranda, the defendant admitted that he had texted the UC phone number from his Samsung Galaxy cellular telephone. The defendant said that he had gone to an ATM and had withdrawn $180.00 and had used $140.00 to pay for sex with the 14-year-old girl.

Subsequent to the defendant's arrest, HSI agents obtained federal search warrants to search the defendant's residence in Tampa, Florida, his electronic

Defendant's Initials _____                    23

media, and his cellular telephone. HSI agents seized the following items from his residence: 2 cellular telephones, SD cards, an HP Pavilion desk top tower, a Samsung tablet, CDR discs, miscellaneous documents, and girls' panties.

HSI conducted a computer forensic analysis on all of the electronic storage devices that had been seized from the defendant's residence. An initial forensic preview of the Samsung tablet, model SM-T330NU, revealed that the defendant possessed child pornography. The defendant frequently used his tablet and cellular telephone to communicate with a minor victim, Z.J., and to send, receive and store child-pornographic images and videos of Z.J. using mobile Internet applications Kik, Snapchat and Skype.

HSI agents identified Z.J. as one of the minors depicted in the child pornography found on the defendant's Samsung tablet. HSI agents travelled to the state of Minnesota and conducted an in-person interview. Z.J. stated that she had been 15 or 16 years old when she had met the defendant online, via Tumblr. Z.J. admitted that she had posted sexually explicit photos of herself online, which is how the defendant located and began communicating with her. Z.J. explained that the defendant knew she was a minor. She stated that they had communicated via the Internet, using a cellular telephone and computer, with applications like Kik, Skype, and text messages. The defendant requested that she call him "Daddy" and send him numerous child pornographic and child

Defendant's Initials                     24

erotica images and videos via the Internet, using a cellular telephone and computer. Z.J. advised that she would do whatever the defendant asked her to do because she had thrived on his attention. Z.J. said that the images slowly progressed to more provocative behavior as time went on. Using a cellular telephone and computer, using Internet-based applications like Kik and Snapchat, Z.J. sent nude pictures and videos of herself while posed in various positions and inserting various objects inside of her vagina, including a hairbrush and shampoo bottle. In at least one video, Z.J. used a belt to choke herself.

After visiting Z.J. at her residence, an HSI computer forensic analyst reviewed the defendant's electronic devices again in order to locate images of Z.J. and images containing distinguishable features of Z.J.'s residence. The analyst found approximately 128 images of Z.J. on the defendant's Samsung tablet. Of these images, 61 are child pornography. For example, one video, sent via Snapchat, depicts Z.J. wearing underwear, with her breasts exposed, and touching her breast with her hand. Another image depicts Z.J. using her index and middle finger to expose her vagina. In yet another image, Z.J. is seen using her left hand to penetrate her vagina with a shampoo bottle, at the defendant's request. The analyst also found an image of Z.J. positioned on her hands and knees with her genital area exposed and an unknown object inserted in her vagina.

Defendant's Initials _____

Approximately 14 videos of Z.J. engaged in child pornography were found on the defendant's micro SD card of the Samsung Galaxy, model SM-G530T1 cellular telephone. Z.J. said that she had been approximately 15 or 16 years old when she took images or videos of herself to send to the defendant. One image depicts Z.J. on her knees exposing her genital area and digitally penetrating her vagina. In another image, Z.J. is laying on her right side exposing her genital area while digitally penetrating her anus.

Additionally, the forensic analyst found numerous communications between the defendant and minor child Z.J. from on or about July 4, 2015, to on or about July 5, 2015, on the defendant's cellular telephone and tablet. During these conversations, when the defendant had known Z.J. was a minor, he had discussed engaging in sexual activity with Z.J. and had sent Z.J. a picture of his erect penis.

Furthermore, forensic analysis revealed that the defendant's Samsung Galaxy Core Prime, model SM-S8201, cellular telephone, and Samsung tablet had frequently been used to communicate with several females via Skype, Tumblr, Snapchat, and Instagram mobile applications. A review of the defendant's devices show that he had a Dropbox, Inc. account registered to email address "nmadsen@gmail.com." Agents also observed Skype instant messages between the defendant (username: master.professor) and Skype user "liliprivat

Defendant's Initials 

26

liliprivat." The two had discussed trading child-pornographic videos via DropBox and sexual activity involving "liliprivat liliprivat's" six or seven-year-old daughter.  The defendant expressed interest in wanting to have sex with "liliprivat liliprivat's" minor daughter.

Each of the assets listed in paragraph A.13 of this plea agreement were also used to commit the offense charged in Counts One and Two of the Superseding Information.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials      27

13.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant and

that defendant fully understands its terms.

DATED this __1st__ day of February, 2017.

_____
Nathan A. Madsen   (1-26-17)
Defendant

_____
Michael Maddux   (1-26-17)
Attorney for Defendant

A. LEE BENTLEY, III
United States Attorney

_____
Lisa M. Thelwell
Assistant United States Attorney

_____
Cherie L. Krigsman
Assistant United States Attorney
Deputy Chief, Major Crimes Section