UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:16-cr-127-T-36TGW

NATHAN A. MADSEN

## SENTENCING MEMORANDUM

Pursuant to this Court's Sentencing Order (Doc. 73), the United States files this sentencing memorandum requesting a Guideline sentence for Defendant Nathan A. Madsen.[1] In support thereof, the United States states as follows:

### I. Background of the Case

On March 4, 2016, the defendant was arrested on a criminal complaint for attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594. (Docs. 1, 12). That same day, the defendant appeared for his initial appearance and requested a detention hearing. (Doc. 3). On March 8, 2016, the court held a detention hearing and set a secured bond for $30,000 with electronic monitoring pending trial. (Doc. 13).

[1] The United States recognizes the untimeliness of this filing. The Final PSR, however, was filed with the Court on May 18, 2017, which contained the defendant's written objections and his basis for those objections. (Doc. 84.). Additionally, the defendant's Sentencing Memorandum was filed on May 18, 2017. (Doc. 86). The United States files this memorandum in response to the defendant's objections, as outlined in the Addendum to the Final PSR and Sentencing Memorandum, and to identify legal authority in support of the United States' position.

On March 29, 2016, a federal grand jury returned a one-count Indictment charging the defendant with one count of attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594. (Doc. 23).

On January 31, 2017, the United States filed a two-count Superseding Information, charging the defendant with enticement of a minor, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 60.).

On February 3, 2017, the defendant pled guilty to both counts of the Superseding Information before United States Magistrate Thomas G. Wilson, pursuant to a written plea agreement. (Doc. 66). This Court adjudicated the defendant guilty on February 22, 2017. (Doc. 73). The defendant's sentencing is scheduled for May 25, 2017. (Doc. 81).

## II. Presentence Investigation Report

On May 18, 2017, probation issued its Final Presentence Investigation Report (PSR) as to the defendant. (Doc. 84). Pursuant to the PSR, the defendant's applicable Guideline range for the underlying offense is life; he has a criminal history category of I; and the applicable period of supervised release is five years to life. Both defense counsel and the United States have set forth factual or legal objections to the information stated in the PSR.

## III. Response to the Defendant's Objections

On May 16, 2017, the defendant provided a copy of his objections to the PSR.[2] According to the Addendum to the PSR, and the defendant's sentencing memorandum, the defendant objects to a number of applicable enhancements. The United States bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement. *United States v. Kindard*, 472 F. 3d 1294, 1298 (11th Cir. 2006). The United States responds to the following objections.

### A. The cross reference to USSG §2G2.1 is applicable.

Section 2G1.3(c)(1) of the U.S. Sentencing Guidelines states that section 2G2.1 should be used "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . if the resulting offense level is greater than that determined above." The commentary notes add that "…subsection (c)(1) is to be construed broadly and includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice, advertisements or other method, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." USSG §2G1.3(c)(1), cmt. (n.5(A)). Section 1B1.3 of the Sentencing Guidelines provides

---

[2] The defendant's objections have been incorporated as attachments to the Final PSR (Doc. 84).

guidance as to what conduct and factors determine the guideline range. It indicates that the base offense level and cross references are determined according to "(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and (B) in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG §1B1.3.

Application of the cross reference in §2G1.3(c)(1) is appropriate because the defendant admitted to persuading, inducing, and enticing minor victim, Z.J., to produce child pornography. (PSR ¶ 16). Because two different guideline provisions cover the defendant's offense conduct equally, the solution is to apply the provision resulting in the highest offense level. USSG §1B1.1, cmt. (n.5).

Furthermore, the rule of lenity does not apply. When there is no ambiguity in a criminal statute, the rule of lenity does not apply. *United States v. Ortega-Torres*, 174 F.3d 1199 (11th Cir. 1999). "The rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *United States v. Castleman*, __ U.S. __, 134 S. Ct. 1405, 1416, 188 L. Ed. 2d 426 (2014). There is nothing ambiguous regarding the statute and therefore the rule of lenity does not apply. *See United States v. Aldrich*, 566 F.3d 976 (2009). Accordingly, USSG §2G2.1 is the applicable guideline.

**B. The offenses of conviction are not subject to grouping pursuant to USSG §3D1.2.**

Enticement of a minor is not subject to grouping with child pornography. USSG §3D1.2. Section 3D1.2(d) sets forth many offenses that are subject to grouping, and identifies them by reference to their applicable guideline sections. Guideline section 2G2.1, the guideline applicable to the instant offense, is specifically identified as a non-grouping offense under §3D1.2(d). Commentary note 4 explains that offenses that do not represent essentially one composite harm cannot be grouped. USSG §3D1.2, comt. (n.4). To illustrate this point, the Sentencing Commission used an example of a robbery case. *Id.* "Robbery of the same victim on different occasions involves, multiple, separate instances of fear and risk of harm, not one composite harm." *Id.* Similarly, the victimization of Z.J. on different occasions involves multiple, separate instances of risk of harm. *See United States v. Searle*, 65 Fed.Appx. 343, 346 (2d Cir. 2003) (considering multiple counts of production of child pornography involving one victim and concluding that the district court properly declined to group the counts because the child victim "was harmed separately by the conduct embodied in each count of conviction").

**C. Enhancement for a sex act or sexual contact and use of a computer is not double counting.**

Section 2G2.1(b)(2)(A) of the Sentencing Guidelines provides for a two-level increase of a defendant's base offense level "if the offense involved the commission of a sexual act or sexual contact." Section 2G2.1(b)(6)(B) of the Sentencing

Guidelines provides for a two-level increase of a defendant's base offense level "if for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved…the use of a computer or an interactive computer service to i) persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or ii) solicit participation with a minor in sexually explicit conduct."[3] The defendant claims that the application of these two enhancements are "a form of double counting that should not be endorsed by the Court." (Def. Obj. to PSR, 2).

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1309 (11th Cir. 1999) (quoting *United States v. Alexander*, 48 F.3d 1477, 1492 (9th Cir.1995). "Double counting during sentencing is permissible if the Sentencing Commission intended the result, and if … each [guideline] section concerns conceptually separate notions related to sentencing." *Matos-Rodriguez*, 188 F.3d at 1310. Unless specifically directed otherwise, the Court must presume that the Sentencing Commission intended that the separate guidelines sections be applied cumulatively. *Id.* The fact that the

[3] Paragraph 33 of the Final PSR (Doc. 84) incorrectly cites to USSG § 2G2.2(b)(6) for the use of a computer enhancement in relation to count one, enticement of a minor. The applicable guideline is USSG § 2G2.1(b)(6)(B).

Sentencing Commission explicitly provided for these enhancements in child-exploitation offenses, and absent any indication otherwise, suggests that the Commission intended that these sections be applied cumulatively.

**D. The defendant engaged in a pattern of activity pursuant to USSG §4B1.5(b)(1).**

The defendant objects to the five-level enhancement for engaging in a "pattern of activity involving prohibited sexual conduct" because he contends that his conduct does not rise to the level of this enhancement. The defendant's conduct, however, is subject to the pattern of activity enhancement pursuant to USSG §4B1.5(b)(1). Section 4B1.5(b)(1) provides for a five-level increase if the defendant's instant offense of conviction is a covered sex crime and the defendant has engaged in a pattern of activity involving prohibited sexual conduct.

Enticement of a minor, in violation of 18 U.S.C. § 2422(b), is a covered sex crime because it is "an offense perpetrated against a minor, under chapter 109A." USSG §4B1.5, comt. (n.2(A)(i)).

The commentary to §4B1.5 defines "prohibited sexual conduct," in relevant part, as meaning: i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); [or] ii) the production of child pornography…" USSG §4B1.5, comt. (n.4(A)). Enticement of a minor is an offense under 18 U.S.C. § 2426(b)(1)(A) and the defendant's conduct caused Z.J. to produce child pornography for the defendant. Additionally, a federal grand jury returned an Indictment charging the defendant with attempted sex

trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594, which is prohibited sexual conduct under 18 U.S.C. § 2426(b)(1)(A).

Moreover, commentary to §4B1.5 also provides guidance on determining whether the defendant's conduct amounts to a "pattern of activity." *See* USSG §4B1.5, comt., (n.4(B)). A "defendant engage[s] in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.* Further, "an occasion of prohibited sexual conduct may be considered…without regard to whether the occasion I) occurred during the course of the instant offense; or II) resulted in a conviction for the conduct that occurred on that occasion. *Id.*

Additionally, the defendant argues that even if his conduct is a "pattern of activity," the enhancement should not be applied because it results double counting. The background commentary of this section of the guidelines, however, makes it clear that the enhancement "…applies to offenders…who present a continuing danger to the public, and is derived from congressional directives to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors." *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014).

The defendant has engaged in a pattern of activity involving prohibited sexual conduct as defined in USSG §4B1.5 because he engaged in at least two separate acts of prohibited sexual conduct with a minor. The defendant met Z.J. online and, over a course of time, persuaded, induced, and enticed minor victim Z.J. to produce child-

pornographic images and videos on multiple occassions. Z.J. produced 61 images and 14 videos of child-pornography at the defendant's request. Each image and video constitute a separate occasion for purposes of the pattern of activity enhancement. Additionally, the defendant attempted to traffic a minor for sex.

1. First Instance of Activity Involving Prohibited Sexual Conduct

As evidenced by the text messages found on the defendant's phone, on or about July 5, 2015, Z.J. sent child-pornographic images to the defendant, to which the defendant masturbated to.

2. Second Instance of Activity Involving Prohibited Sexual Conduct

As evidenced by the text messages found on the defendant's phone, on or about July 5, 2015, Z.J. sent two child-pornographic videos to the defendant.

3. Third Instance of Activity Involving Prohibited Sexual Conduct

As evidenced by a forensic analysis of the defendant's Samsung G530T1 cellular phone micro SD card, on or about January 25, 2016, Z.J. produced two child-pornographic images for the defendant. The first depicts Z.J. on her knees exposing her genital area and digitally penetrating her vagina. The second depicts Z.J. laying on her right side exposing her genital area digitally penetrating her anus.

4. Fourth Instance of Activity Involving Prohibited Sexual Conduct

On March 3, 2016, the defendant attempted to engage in sex trafficking of a minor when he responded to the advertisement posted by an undercover agent with Homeland Security Investigations. (PSR ¶ 19). The defendant requested to have sex with a 14-year-old girl, asked for her picture, verified her existence by talking to her

on the phone, withdrew $180 from the ATM, drove to the designated location—with three condoms in hand—and paid the undercover agent $140 to have sex with the 14-year-old girl. (PSR ¶ 19-20).

**E. Z.J. is a vulnerable victim.**

Section 3A1.1(b)(1) of the Sentencing Guidelines provide for a two-level increase of a defendant's base offense level "if the defendant knew or should have known that a victim of the offense was a vulnerable victim." The defendant met Z.J. online in March 2015. At the time of the offense, the defendant knew that Z.J. was a vulnerable victim. In addition to knowing that her Tumblr username was "Forever-Codependent," the defendant knew that Z.J. suffered from anorexia and had been on the verge of hospitalization or commitment to a residential treatment program to address her issues. In chat conversations, dating back to November 26, 2015, Z.J. explains to the defendant, in detail, that she is suffering from anorexia and that her parents had taken her to a residential treatment program. She explained that despite weighing 99 pounds, and losing 25 pounds in a three-month period, she wanted to lose another 9 pounds so that she would not be fat. Furthermore, by the defendant's own argument, he agrees that Z.J. is a vulnerable victim. In his objections to the PSR, the defendant acknowledges that Z.J. had been posting nude images of herself online prior to meeting the defendant and that "persons involved in this type of posting are inherently vulnerable" (Def. Obj. to PSR, 2), which is exactly the point. As shown in the defendant's chat history with Z.J., he was aware that Z.J. suffered

from mental health, self-esteem, and body image issues. The defendant knew or should have known the victim was a vulnerable victim.

## IV. Argument for Guideline Sentence

The defendant pleaded guilty to one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b), which sets forth a mandatory minimum term of imprisonment of 10 years and a maximum of life imprisonment and a term of supervised release of five years up to life, and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), which sets forth a maximum term of imprisonment of 10 years and a term of supervised release of five years up to life. The United States submits that a Guideline sentence is appropriate considering both the nature and circumstances of the underlying offense, as well as the history and characteristics of the defendant. *See* 18 U.S.C. § 3553.

A guideline sentence is necessary for both deterrence of these crimes and for the protection of the public against the defendant. *See* 18 U.S.C. § 3553(a)(2)(B) and (C). The deterrence factor is "particularly compelling in the child pornography context." *United States v. Pugh*, 515 F.3d 1719, 1194 (11th Cir. 2008).

### A. Nature and Circumstances of the Offense.

The first portion of 18 U.S.C. § 3553(a)(1) directs the court to consider the "nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Although the defendant pled guilty to one count of enticement of a minor and one count of possession of child pornography, the defendant's relevant conduct also involve attempted sex trafficking of a minor and the production of child pornography. The

defendant's activities in relation to the offenses clearly demonstrate that he did not have a solitary lapse in judgment. As illustrated by the defendant's conduct and the statements from those closest to him, the defendant led a double life for years. He presented himself as a learned musician and professor at the University of Tampa. Meanwhile, he collected child pornography and trolled the internet for young female victims that he sexually exploited. His electronic devices showed that he had been engaging in sexually explicit online conversations, dating back as early as October 2014, with many young girls/women. The defendant was also in possession of 32 sexually explicit videos and 16 sexually explicit pictures containing young females whose identities have not yet been verified.[4] Moreover, knowing that Z.J. suffered from an eating disorder and other self-esteem related issues, the defendant persuaded, enticed, and induced Z.J. to demoralize herself by sending nude images of herself, vaginally penetrating herself with various objects, and using a belt to strangle herself—all at the defendant's request.

Furthermore, it cannot be ignored that on March 3, 2016, the defendant responded to an advertisement on backpage.com because he wanted to pay to have sex with a 14-year-old girl. (PSR ¶ 19). When provided the option of having sex with an 18-year-old female and a 14-year-old child, the defendant made it clear that he was interested in having sex with the 14-year-old girl. (PSR ¶ 19). The defendant negotiated a price, asked for a picture, spoke to the alleged victim and asked what

[4] These images have been submitted to the National Center for Missing and Exploited Children and are pending a report.

she was willing to do, drove to the designated location, and paid the undercover agent $140 for sex with the 14-year-old girl. (PSR ¶ 19). In a post-*Miranda* interview, the defendant admitted that he had withdrawn money from the ATM for the purpose of paying to have sex with the 14-year-old girl. (PSR ¶ 20).

**B. Seriousness of the Crime and Need for Just Punishment.**

A guideline sentence is further supported by the factor described in Section 3553(a)(2)(A), "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Congress has explained that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct", as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Accordingly, "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010).

Courts have "typically treated child sex offenses as serious crimes, upholding severe sentences in these cases as substantively reasonable." *Pugh*, 515 F.3d at 1202. In light of the seriousness of such offenses, the Eleventh Circuit has regularly imposed sentences that reasonably characterize "just punishment." 18 U.S.C. § 3553(a)(2)(A). Such severe penalties not only designate the "seriousness of the crime" and deliver "just punishment," the penalties also provide a means of deterrence from similar behavior. In the present case, the significant harms inflicted

and threatened by the defendant's conduct designate the seriousness of the offenses and the need for a lengthy sentence.

Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens ..." this Court should impose the maximum sentence possible. *Irey*, 612 F.3d at 1206. The Eleventh Circuit has held "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses ...." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable).

The acts committed by the defendant upon Z.J. "undoubtedly inflicted harm" on her. *Id.* The Supreme Court has discussed the grave and enduring harms inflicted upon minors who are victims of sexual abuse. "Long-term studies show that sexual abuse is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society can tolerate." *Kennedy v. Louisiana*, 554 U.S. 407, 128 S.Ct. 2641, 2677 (2008).

**C. Adequate Deterrence to Criminal Conduct.**

Another significant 3553(a) factor this Court must consider is "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The Seventh Circuit has explained why deterrence is so important for crimes involving the sexual abuse of children, including child pornography. See *United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a

statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." *Id.* at 672. If sentences are more severe, like-minded individuals will be deterred, and the incarceration of those convicted of such crimes will help to protect the public.

In an effort to abate similar conduct in the future, this Court should impose a reasonably severe sentence that will serve as a warning to individuals considering similar conduct. A lengthy sentence will deter comparable activities and convey that such behavior is unacceptable and will be adjudicated harshly within the Eleventh Circuit.

**D. Need to Protect the Public from Further Crimes of the Defendant.**

This Court must also consider "the need for the sentence imposed ... to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class...." *Smith v. Doe*, 538 U.S. 84, 103 (2003). While the Court cannot predict whether the defendant will recidivate, the defendant's past is concerning. He has managed to lead a life involving the sexual exploitation of children, undetected, for years.

As discussed above, the defendant has engaged in a pattern of activity involving prohibited sexual contact. It is evident that his behavior has escalated from being a passive collector of child pornography to playing a more active role in the sexual exploitation of minors. The evidence illustrates that the defendant has

engaged in predatory type behavior when he met, then 16-year-old E.G.K., online a few years ago. While law enforcement has not located direct evidence, at this time, that the defendant knew that E.G.K. was a minor at the time, it is clear that he "groomed" her to engage in sending sexually explicit images and videos of herself.

During the search of the defendant's residence HSI agents located several letters and postmarked mailings to an individual in Washington. HSI agents identified the individual on the mail as E.G.K. At the time of the investigation, E.G.K. was an 18-year-old high school senior. HSI agents traveled to Washington to interview E.G.K. She told the agents that she had met the defendant online, on Tumblr, approximately two years prior. E.G.K. was approximately 16 years old at the time. E.G.K. claimed that once she turned 18, she and the defendant had exchanged phone numbers and email addresses and had begun exchanging pictures and videos. She said that some of the images and videos were sexually explicit. E.G.K. also stated that she had mailed the defendant her underwear at the defendant's request. E.G.K. sent a letter addressed to the defendant with her underwear, in which she wrote that she wanted him to ejaculate on her underwear. During the execution of the search warrant at the defendant's residence, HSI agents recovered E.G.K.'s underwear as well as video of the defendant ejaculating on her underwear.

Similarly, the defendant met Z.J. online and enticed her to produce child-pornographic images and videos for the defendant's benefit. The defendant persisted

in this predatory type of behavior when he responded to the backpage ad and paid to have sex with a 14-year-old girl.

## V. Conclusion

For the aforementioned reasons, the United States respectfully requests that this Court deny the defendant's objections to the PSR as well as his requests for leniency expressed in his sentencing memorandum. The Court is able to fashion a sentence that fairly accounts for the scope of the defendant's criminal endeavors, acknowledges the harm that he has caused to others, deters him from continuing to engage in this behavior, and acknowledges the ramifications of his actions and intentions. The Court should also consider the nature and content of the child pornography that he possessed and persuaded, induced, and enticed the victim to produce for his benefit. The defendant has engaged in a pattern of activity that illustrates his proclivity to troll the internet for victims. For these reasons, the United States requests that this Court impose a guidelines sentence in this case.

Respectfully submitted,

W. Stephen Muldrow
Acting United States Attorney

By: *<u>/s/ Lisa M. Thelwell</u>*
LISA M. THELWELL
Assistant United States Attorney
Florida Bar No. 100809
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: lisa.thelwell@usdoj.gov

**U.S. v. Nathan A. Madsen Case No. 8:16-cr-127-T-36TGW**

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Michael Maddux, Esq.

*/s/ Lisa M. Thelwell*
LISA M. THELWELL
Assistant United States Attorney
Florida Bar No. 100809
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: lisa.thelwell@usdoj.gov

*T:_Cases\Criminal Cases\M\MADSEN, Nathan_2016R00516_SBH\p_sentencing memo_Filed copy.docx*