# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:16-cr-127-CEH-TGW

NATHAN A. MADSEN

## ORDER

This cause comes before the Court on Defendant Nathan A. Madsen's Motion for Miscellaneous Relief, specifically for Clarification (Doc. 123). Proceeding *pro se*, he asks the Court to issue a clarification to the Bureau of Prisons regarding the charges of which he was convicted. The Government has filed a response in which it agrees that Madsen's final judgment should be corrected to reflect the accurate charges of conviction (Doc. 127).

Upon review and consideration, and being fully advised in the premises, the Court will grant the motion.

## DISCUSSION

On February 1, 2017, Madsen entered into a plea agreement in which he agreed to plead guilty to Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count One), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Doc. 62. The Superseding Information explained that he was charged under 18 U.S.C. § 2422(b) with enticing a minor "to engage in a sexual activity for which any person can be charged with a criminal offense, that is, Production of Child

Pornography, in violation of 18 U.S.C. §§ 24247 and 2251. Doc. 60. Madsen himself was not charged with violating 18 U.S.C. §§ 2427 or 2251. *Id.*

Madsen was sentenced on February 22, 2017, pursuant to his plea agreement. However, his Judgment of Conviction lists the following statutes under his Count One conviction: 18 U.S.C. § 2422(b), 18 U.S.C. § 2427, and 18 U.S.C. § 2251. Doc. 96. This discrepancy was not brought to the Court's attention at the time of sentencing or appeal.

Upon review, the Court agrees that the statutes listed in the Judgment under Count One do not conform to the plea agreement or superseding information. Accordingly, it will issue an Amended Judgment that correctly lists the statute Madsen was convicted of violating in Count One: 18 U.S.C § 2242(b).

The Court makes no findings regarding Madsen's eligibility for federal time credits, which is a matter within the purview of the Bureau of Prisons. *See, e.g.*, *Gonzalez. v. U.S.*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."), abrogated on other grounds by *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015).

In light of this Court's Order, Madsen's subsequent construed Motion to Appoint Counsel (Doc. 126) is due to be denied as moot.

Accordingly, it is **ORDERED**:

1. Defendant Nathan A. Madsen's Motion for Miscellaneous Relief, specifically for Clarification (Doc. 123) is **GRANTED**.

2. Madsen's Motion to Appoint Counsel and for Miscellaneous Relief (Doc. 126) is **DENIED as moot**.

3. The Court will issue an Amended Judgment which corrects the statute of conviction for Count One.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties